**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4855**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TERRELL DEON HAGOOD,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:06-cr-01263-HMH)

Submitted:  May 29, 2008                  Decided:  June 3, 2008

Before TRAXLER, GREGORY and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Max B. Cauthen, III, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Deon Hagood appeals from his conviction and 210-month sentence imposed following his guilty plea to being in possession of a firearm after previously having been convicted of a felony offense. Hagood's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but addressing the reasonableness of the sentence. Hagood was advised of his right to file a pro se supplemental brief, but has declined to do so. Our review of the record discloses no reversible error; accordingly, we affirm Hagood's conviction and sentence.

We find that Hagood's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Hagood was properly advised of his rights, the elements of the offense charged, and the mandatory minimum and maximum sentences for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). We find that the plea was valid.

Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) treat the guidelines as advisory; (3) consider the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007); and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. While the district court must consider the various § 3553(a) factors and explain its sentence, it need not explicitly reference § 3553 or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within-guideline sentence). This presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006).

The district court followed the necessary steps in sentencing Hagood, and we find no abuse of discretion in its sentence of 210 months of imprisonment. We have reviewed the record in this case in accordance with Anders and have found no meritorious issues for appeal. We therefore affirm Hagood's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court

of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED